IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re

Education Holdings 1, Inc.,[1]

Debtor.

x
:
:
:
:
:
:
:
:
:
x

Chapter 11

Case No. 13-10101 (_____)

---

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) GRANTING
EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF
FINANCIAL AFFAIRS; (B) PERMANENTLY WAIVING THE REQUIREMENT
TO FILE SAME IF PLAN IS CONFIRMED PRIOR TO EXPIRATION OF SUCH
EXTENSION; AND (C) PERMANENTLY WAIVING THE REQUIREMENT TO
CONVENE SECTION 341(a) MEETING OF CREDITORS IF PLAN IS
CONFIRMED PRIOR TO EXPIRATION OF SUCH EXTENSION**

The above-captioned debtor and debtor-in-possession (the "Debtor")[2] hereby moves the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to this motion (the "Motion"), for the entry of an order (the "Proposed Order"), (a) granting the Debtor an extension of time to file its schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"); (b) permanently waiving the requirement to file the same if the Debtor's *Prepackaged Chapter 11 Plan of Reorganization* (the "Plan") is confirmed prior to the expiration of such extension; and (c) permanently waiving the requirement to convene the meeting of creditors pursuant to section 341(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), if the Plan is confirmed

---

[1] The Debtor's current address and last four digits of its taxpayer identification number are as follows: 111 Speen Street, Framingham, Massachusetts 01701; (xx-xxx7603).

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Kasper Declaration (defined below).

EAST\52011970.6

prior to the expiration of such extension. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 341(e), 521, 1107 and 1108, Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor filed a petition with the Bankruptcy Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its businesses and managing its properties as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case, and no committees have been appointed or designated.

5. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, are set forth in detail in the Declaration of Christian G. Kasper, Chief Restructuring Officer of Education Holdings 1, Inc., in Support of First Day Motions (the "Kasper Declaration") [Docket No. 3] filed concurrently herewith and incorporated herein by reference.

6.  On the Petition Date, the Debtor filed the Plan and related disclosure statement (the "Disclosure Statement"). The Plan represents a significant milestone for the Debtor and its subsidiaries and affiliates (collectively, the "Company") and embodies the agreement reached with the Company's major debt holders. If confirmed, the Plan will right-size the Company's liabilities with future earnings and put the Company in a position to both maintain its current customers and market share, as well as grow and develop its underlying business. Based on a prepetition solicitation of the Plan, the Plan has been approved unanimously by all four voting classes of creditors who are impaired under the Plan – (i) Class 1 (Senior Secured Claims), (ii) Class 3 (Second Lien Facility Claims), (iii) Class 4 (Senior Notes Claims) and (iv) Class 5 (Junior Notes Claims). Significantly, the Plan provides for the Debtor's general unsecured creditors to remain unimpaired, which would not have been possible absent the agreements reached under the Plan.

## RELIEF REQUESTED

7.  By this Motion, the Debtor seeks entry of the Proposed Order pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b), substantially in the form attached hereto: (a) extending the time within which the Debtor must file its Schedules and Statements for an additional 30 days to March 22, 2013 (for a total of 60 days from the Petition Date), without prejudice to the Debtor to request a further extension upon noticed motion for good cause shown (the "Extension Date"); (b) permanently waiving the requirement to file such Schedules and Statements if the Plan is confirmed prior to the expiration of the Extension Date; and (c) permanently waiving the requirement to convene the Bankruptcy Code section 341(a) meeting of creditors if the Plan is confirmed prior to the Extension Date.

## BASIS FOR RELIEF REQUESTED

### I. Cause Exists To Extend The Time To File The Schedules And Statements.

8. Under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, a debtor is required to file its schedules and statements within 14 days of the Petition Date. Rule 1007-1(b) of the Local Bankruptcy Rules provides, however, that if the total number of creditors in a debtor's case exceeds two-hundred, the debtor must file its Schedules and Statements within thirty days of the Petition Date. In the instant case, the Debtor's total number of creditors exceeds two-hundred and, therefore, the Debtor must file its Schedules and Statements within thirty days of the Petition Date. Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b), a debtor may obtain an extension of this deadline for cause shown. See Fed. R. Bankr. P. 1007(c) ("any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown and on notice . . . ."). Given the (a) nature of this particular case in which plan votes have been solicited prepetition and general unsecured creditors are unimpaired under the prepackaged Plan; (b) substantial burdens already imposed on the Debtor's management by the commencement of the Chapter 11 Case; (c) limited number of employees available at the Company to collect the information; and (d) competing demands upon such employees, and the time and attention the Debtor must devote to the restructuring process, the Debtor submits that "cause" exists to extend the current deadline by 30 days until the Extension Deadline (a total of 60 days after the Petition Date).

9. In particular, the request for a final waiver of the requirement to file Schedules and Statements is appropriate in a case such as this, (a) where the Debtor has already commenced and fully completed solicitation of a Plan, (b) all allowed general unsecured claims are unimpaired and will be paid in full and (c) the valuation analysis does not support any recovery for holders of equity. In this Chapter 11 Case, the Debtor has concurrently filed a

motion for order setting a combined hearing to approve its Disclosure Statement and Plan within 45 days of the Petition Date. If approved within such timeframe, the Debtor in all likelihood will be able to confirm its Plan and become effective under its Plan within 60 days from the Petition Date.

10. In general, a debtor is required to file its schedules and statements to permit parties in interest to understand and assess the debtor's assets and liabilities and thereafter negotiate, vote and ultimately seek to confirm a plan of reorganization. As mentioned above and described in more detail in the Kasper Declaration, in this Chapter 11 Case, the Debtor has already negotiated the Plan and solicited votes from those parties entitled to vote thereon. Those parties have voted unanimously to accept the Plan. Accordingly, one of the primary justifications for requiring the filing of the Schedules and Statements simply does not exist in this Chapter 11 Case.

11. The fact that the Plan provides for the payment in full of all allowed general unsecured claims also justifies altering the requirement to file Schedules and Statements. In fact, all creditors are unimpaired by the Plan except for (a) those creditors in the voting classes and (b) equity holders. As mentioned, those creditors in the voting classes have been actively involved in the negotiation of the Debtor's restructuring and have voted unanimously to accept the Plan. With respect to the holders of equity, unfortunately the value of the Debtor and its assets (as indicated by the valuation analysis set forth in the Disclosure Statement) does not support a recovery for equity holders. Therefore holders of equity securities will not be receiving a distribution and are deemed to reject the Plan. As a result, no party in interest will be prejudiced by the Debtor not filing its Schedules and Statements.

12. In addition, much of the information that would be contained in the Schedules and Statements is already available in the Disclosure Statement. Therefore, to require the Debtor to file the Schedules and Statements would not only be unnecessarily burdensome to the Debtor's estate, but would also be largely duplicative of information already available in public documents.

13. Under the circumstances of this Chapter 11 Case, the Debtor believes that the purposes of filing the Schedules and Statements have generally been fulfilled by other means and that the completion of the Schedules and Statements is extraneous and not justified given the costs to the Debtor's estate – in terms of both the expenditure of financial and human resources. Consequently, such requirement represents an unnecessary burden on the estate.

14. The Bankruptcy Court has the authority to grant the requested extension under section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(c), and Local Bankruptcy Rule 1007-1(b). Section 105(a) of the Bankruptcy Code grants the Bankruptcy Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code. Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the schedules . . . may be granted only on motion for cause shown." Similarly, Local Bankruptcy Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor."

15. The Debtor submits that good and sufficient cause for granting the relief requested herein exists due to the unique nature of the Chapter 11 Case (including the lack of prejudice to creditors), the significant number of employee and professional hours required for the completion of the Schedules and Statements, and the public availability of the information that would be contained in the Schedules and Statements. In addition, employee efforts during

the anticipated short period of the pendency of this Chapter 11 Case is critical to the Debtor's reorganization efforts, and the Debtor's creditors would be better served if the Debtor devoted its time and attention to business operations in order to maximize the value of the estate going forward.

## II.  Waiver Of The Requirement To File Schedules And Statements Is Appropriate If The Plan Is Confirmed Prior To The Expiration Of The Extension Date.

16. The Debtor requests that if the Plan is confirmed prior to the expiration of the Extension Date, that the requirement to file Schedules and Statements be waived. Courts in this District have recognized that filing Schedules and Statements in prepackaged chapter 11 bankruptcy cases often is unnecessary and have ordered relief similar to that requested herein, including the granting of permanent waivers of the requirement of filing Schedules and Statements. *See, e.g., In re PTL Holdings LLC*, Case No. 11-12676 (Bankr. D. Del. Sept. 29, 2011); *In re ACG Holdings, Inc.*, Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 11, 2008); *In re Hilex Poly Co. LLC*, Case No. 08-10890 (KJC) (Bankr. D. Del. May 7, 2008); and *In re Remy Int'l, Inc.*, Case No. 07-11481 (KJC) (Bankr. D. Del. Dec. 4, 2007).

17. The requested relief is further supported by the prepackaged nature of the Chapter 11 Case and the construct of the Plan. The only impaired voting classes of creditors have already submitted their votes, which votes demonstrate unanimous acceptance of the Plan. Thus, the most critical and complex task required to effectuate a successful reorganization – the negotiation and formulation of a chapter 11 plan of reorganization – has already been accomplished. The Debtor respectfully submits that given the backdrop of the Chapter 11 Case, the relief requested herein is appropriate inasmuch as such relief will assist the Debtor to move towards expeditious confirmation of the widely-supported prepackaged Plan with the least possible disruption or harm to its business. Based on the foregoing, the Debtor submits that the

relief requested is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects.

**III.  Cause Exists For A Waiver Of Time To Convene The Section 341(a) Meeting Of Creditors If The Plan Is Confirmed Prior To Expiration Of The Extension Date.**

18. Bankruptcy Code section 341(a) requires that the United States Trustee (the "U.S. Trustee") convene and preside at a meeting of creditors, and Bankruptcy Code section 341(b) authorizes the U.S. Trustee to convene a meeting of equity security holders. Bankruptcy Code section 341(e), however, provides for the following exception to such provisions:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.
> 11 U.S.C. § 341(e).

19. The purpose of a section 341 meeting is to provide parties in interest with a meaningful opportunity to examine the debtor and to obtain important information about the debtor. However, as is the case here, when parties have negotiated and voted on a prepackaged plan and all of the impaired classes of creditors entitled to vote on the plan have already voted to accept the plan, parties are not likely to receive any significant benefit from such a meeting.[3] In addition, the notice and scheduling requirements associated with convening such a meeting during this Chapter 11 Case would cause an unwarranted and costly time delay.

20. The Debtor filed this case to implement and effectuate the Plan and, as described above, the Debtor solicited the requisite acceptances of the Plan prior to the Petition Date. The

---

[3] *See* Declaration of Craig E. Johnson of GCG, Inc. Certifying the Methodology for the Tabulation of Votes and Results of Voting With Respect to the Prepackaged Chapter 11 Plan of Reorganization filed with the Bankruptcy Court.

Debtor intends to proceed expeditiously to confirm the Plan and emerge from chapter 11 as quickly as possible.

21. Therefore, the Debtor respectfully submits that cause exists for the Bankruptcy Court to direct the U.S. Trustee not to convene a meeting of creditors or equity security holders and not to appoint any statutory committee in this case unless the Plan has not been confirmed prior to the expiration of the Extension Date.

## NOTICE

22. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Prepetition Noteholders; (iii) counsel to General Electric Capital Corporation; (iv) the entities listed on the Consolidated List of Creditors Holding the 15 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; and (vii) the Office of the Delaware Secretary of State. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Local Bankruptcy Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23. No prior request for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order attached hereto as Exhibit A granting the relief requested herein and such other and further relief as this Bankruptcy Court deems just and proper.

Dated: January 21, 2013
Wilmington, Delaware

DLA PIPER LLP (US)

/s/ Gregg M. Galardi
Gregg M. Galardi (No. 2991)
Stuart Brown (No. 4050)
gregg.galardi@dlapiper.com
stuart.brown@dlapiper.com
919 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5640
Facsimile: (302) 778-7913

- and -

Matthew M. Murphy (ARDC No. 06208157)
Jonathan G. Pfleeger (ARDC No. 6280869)
matt.murphy@dlapiper.com
jonathan.pfleeger@dlapiper.com
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
(*pro hac vice admissions pending*)

*Proposed Attorneys for the Debtor and Debtor-in-Possession*